UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY DOYLE YOUNG,

       **Plaintiff,**

                                   **Civil Action 2:13-cv-00833**

vs.                                  **Judge Algenon L. Marbley**

                                   **Magistrate Judge Elizabeth P. Deavers**

UNITED STATES,

       **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Timothy Doyle Young, who is proceeding without the assistance of counsel, brings this action challenging the constitutionality of the Prisoner Litigation Reform Act ("PLRA").  (ECF No. 1.)   This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.  (ECF No. 4.)   For the reasons that follow, the Undersigned **RECOMMENDS** that Plaintiff's Motion be **DENIED** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** to paying the requisite filing fee.

### I.

Plaintiff filed his Complaint on August 26, 2013, but failed to pay the filing fee or provide an application for leave to proceed *in forma pauperis*.  (ECF No. 1.)   In its September 24, 2013 Order the Court directed Plaintiff to pay the requisite filing fee or file an application for leave to proceed *in forma pauperis*.  (ECF No. 2.)   After the Court issued a Show Cause Order on October 29, 2013 (ECF No. 3), Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* on November 12, 2013 (ECF No. 4).   Plaintiff included in his Motion an Affidavit of Indigency, but

stated that he was "unable to comply" with the requirement that he provide a certified trust account statement from the prison's cashier.   (*Id.*)   In his Affidavit, Plaintiff refers the Court to a case in the Northern District of Illinois, which he says provides an explanation as to why he is unable to comply with this requirement.   Plaintiff's Complaint also references various district court cases in which he has been involved during his time as a prisoner.

## II.

The PLRA limits a prisoner's ability to proceed *in forma pauperis* if the prisoner has had three or more prior cases dismissed on the grounds that they were frivolous or malicious:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   In interpreting the language of this section, the United States Court of Appeals for the Sixth Circuit has held that claims dismissed as frivolous or for failure to state a claim both count as strikes under § 1915(g).   *Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007) ("The text of § 1915(b) draws no distinction between claims dismissed as frivolous or for failure to state a claim; both types of dismissals count as a strike").   The Sixth Circuit has held that it is proper for a district court to dismiss a plaintiff's action pursuant to the "three-strikes" rule in 28 U.S.C. § 1915(g).   *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

As the language of § 1915(g) indicates, the three-strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).   For the purposes of interpreting the statute, the Court considers whether a plaintiff is in imminent danger at the time of the filing of the complaint.   *Vandiver v. Vasbinder*, 416 Fed. App'x 560, 561 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be

contemporaneous with the complaint's filing."). Although the United States Court of Appeals for the Sixth Circuit has not offered a precise definition of imminent danger, it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner*, 290 F. App'x at 797. Moreover, the Sixth Circuit has noted, "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts should "maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm") (citing *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) ("Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger.") (citing *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998)).

## II.

The Undersigned concludes that Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g) of the PLRA. After conducting a review of the cases to which Plaintiff cites in his Complaint along with the records of the United States Courts, the Court has found at least three cases[1] that qualify as strikes under the three-strikes provision:

> *Young v. Bureau of Prisons*, No. 1:08-CV-00182 (D. Colo.); dismissed on February 28, 2008 as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1).
>
> *Young v. United States*, No. 1:08-CV-226 (D. Colo.); dismissed on April 16, 2008 as malicious pursuant to 28 U.S.C § 1915A(b)(1).
>
> *Young v. No Defendants Named*, No. 1:08-CV-413 (D. Colo.); dismissed on April 16, 2008 as malicious pursuant to 28 U.S.C. § 1915A(b)(1).

---

1 According to the United States District Court for the Southern District of Texas, Plaintiff has filed at least sixty-three (63) similar lawsuits in federal district courts across the United States. *Young v. United States*, No. H-13-832 (S.D. Tex. April 9, 2013).

Each of the three cases was before the United States District Court; each was dismissed for frivolousness or maliciousness. Thus, Plaintiff must pay the full filing fee in this case unless the "imminent danger" exception applies to the facts he has presented in his Complaint.

A review of Plaintiff's Complaint reveals that he has not pled that he is in imminent danger of serious physical injury.   Thus, the "imminent danger" exception to § 1915(g) does not apply. Plaintiff does not plead that he is in imminent danger.   Nor do his challenges to the constitutionality of the PLRA allege facts that Plaintiff is facing the requisite harm.   In fact, the only reference to any kind of harm is Plaintiff's contention that "[t]he PLRA is unconstitutional because it allows cruel and unusual punishment in violation of the Eighth Amendment."   (Compl. ¶ 1, ECF No. 1.)     The Court cannot infer from Plaintiff's conclusory statement that he is in real and proximate danger of imminent physical injury.   Thus, Plaintiff does not qualify for the imminent danger exception to the three-strikes provision of the PLRA.   Plaintiff must pay the full filing fee for this case to proceed.

### III.

Because Plaintiff has accumulated three strikes within the meaning of § 1915(g) and he is not in imminent danger of serious physical injury, the PLRA precludes Plaintiff from proceeding *in forma pauperis*.   Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Motion to Proceed *In Forma Pauperis* be **DENIED.**   (ECF No. 4.)   Further, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** to full payment of the requisite filing fee.   (ECF No. 1.)

## IV. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.   *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).   Even when timely objections are filed, appellate review of issues not raised in those objections is waived.   *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: December 18, 2013                         /s/ *Elizabeth A. Preston Deavers*
                                                Elizabeth A. Preston Deavers
                                                United States Magistrate Judge


5