# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TIMOTHY DOYLE YOUNG,**

    **Plaintiff,**

    v.

    Civil Action 2:13-cv-00833
    Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

**UNITED STATES,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff, Timothy Doyle Young, who is proceeding without the assistance of counsel, brings this action challenging the constitutionality of the Prisoner Litigation Reform Act ("PLRA"). This matter is before the Court for consideration of Plaintiff's December 30, 2013 Objections (ECF No. 6) to the United States Magistrate Judge's December 18, 2013 Report and Recommendation (ECF No. 5) recommending that the Court deny Plaintiff's Motion to Proceed *In Forma Pauperis* and dismiss Plaintiff's Complaint without prejudice to full payment of the requisite filing fee. For the reasons stated below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendations. Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* under the three-strikes rule of the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g) and **DISMISSES** this action without prejudice to full payment of the filing fee.

### I. BACKGROUND

Plaintiff filed his Motion for Leave to Proceed *In Forma Pauperis* on November 12, 2013. (ECF No. 4.) In his Motion, Plaintiff indicates that he is unable to provide a certified trust

account statement from the prison's cashier. Instead, he provides an affidavit referring the Court to a case in the Northern District of Illinois. Plaintiff's Complaint also references several other district court cases in which he has been involved. (ECF No. 1.)

A.     **December 18, 2013 Report and Recommendation**

The Magistrate Judge conducted a review of the cases to which Plaintiff cites in his affidavit and his Complaint and concluded that at least three cases were dismissed on the basis of frivolousness and/or maliciousness:

> "*Young v. Bureau of Prisons*, No. 1:08-CV-00182 (D. Colo.); dismissed on February 28, 2008 as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1).
>
> *Young v. United States*, No. 1:08-CV-226 (D. Colo.); dismissed on April 16, 2008 as malicious pursuant to 28 U.S.C § 1915A(b)(1).
>
> *Young v. No Defendants Named*, No. 1:08-CV-413 (D. Colo.); dismissed on April 16, 2008 as malicious pursuant to 28 U.S.C. § 1915A(b)(1)."

(Report and Recommendation 3, ECF No. 5.)

The Magistrate Judge therefore recommended that the Court deny Plaintiff's Motion to Proceed *In Forma Pauperis* under the three-strikes rule of the PLRA. The Magistrate Judge set forth the correct legal standard and appropriate language as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(g).

(Report and Recommendation 3, ECF No. 5.) The Magistrate Judge noted that Plaintiff has accumulated three-strikes under the rule because he has had at least three cases dismissed as frivolous or malicious. The Magistrate Judge also concluded that Plaintiff had not pled facts to

invoke the "imminent danger" exception to the rule. As a result, the Magistrate Judge recommended dismissing Plaintiff's Complaint without prejudice to filing the requisite filing fee.

B.  **Plaintiff's Objections**

Plaintiff does not object to the Magistrate Judge's characterization of the applicable law or analysis. Instead, he notes that the Bureau of Prisons is rejecting his requests to solicit a filing fee. He indicates generally that the three-strikes rule is "abused by the judiciary." (Obj. 2, ECF No. 6.) Finally, he asserts that two of the three cases cited by the Magistrate Judge did not trigger the three-strikes rule.

## II.  STANDARDS

A.  **Review of the Report and Recommendation**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  **Three-Strikes Rule Under the PLRA**

In the instant case, the Magistrate Judge Recommended that Plaintiff's Motion to Proceed *In Forma Pauperis* be denied under the three-strikes rule. 28 U.S.C. § 1915(g). As addressed above, the PLRA does not allow prisoners with three or more prior cases dismissed on the grounds of frivolousness or maliciousness to proceed *in forma pauperis*. The Magistrate Judge described the standard as follows:

> In interpreting the language of [28 U.S.C. § 1915(g)], the United States Court of Appeals for the Sixth Circuit has held that claims dismissed as frivolous or for failure to state a claim both count as strikes under § 1915(g). *Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007) ("The text of § 1915(b) draws no

3

> distinction between claims dismissed as frivolous or for failure to state a claim; both types of dismissals count as a strike"). The Sixth Circuit has held that it is proper for a district court to dismiss a plaintiff's action pursuant to the "three-strikes" rule in 28 U.S.C. § 1915(g). *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

(Report and Recommendation 2, ECF No. 5.)

## III. ANALYSIS

Plaintiff's objections are not well taken. First, he asserts that the Bureau of Prisons "rejects [his] outgoing letters that request money for filing fees." (Obj. 1, ECF No. 6.) The basis for this objection is unclear, particularly in the context of the Magistrate Judge's Report and Recommendation. As best as the Court can discern, Plaintiff is asserting that he is unable to pay the full filing fee if he is unable to proceed *in forma pauperis*. It is Plaintiff's responsibility, however, to pay the filing fee. *In re Prisoner Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) ("Payment of litigation expenses is the prisoner's responsibility.").

Next, Plaintiff asserts that two of the three cases cited by the Magistrate Judge do not actually trigger the three-strikes provision. Specifically, he indicates that his complaints in *Young v. United States*, No. 1:08-CV-226 (D. Colo.) and *Young v. No Defendants Named*, No. 1:08-CV-413 (D. Colo.) were "dismissed more than a month" before the strike was imposed. Reviewing the records, however, shows that the cases were dismissed as malicious, as indicated in the Report and Recommendation.[1] Furthermore, as the Magistrate Judge noted, Plaintiff has

---

[1] "The Court, therefore, will deny Plaintiff's Motion for Dismissal and dismiss the Complaint and action as malicious pursuant to 28 U.S.C. § 1915A(b)(1)." *Young v. United States*, No. 1:08-CV-226, at 3 (D. Colo. April 16, 2008).

"Accordingly, the Court will deny Plaintiff's Motion for Dismissal and dismiss the Complaint and action as malicious pursuant to 28 U.S.C. § 1915A(b)(1)." *Young v. No Named Defendant*, No. 1:08-cv-413, at 3 (D. Colo. April 16, 2008).

filed "at least sixty-three (63) similar lawsuits in federal district courts across the United States." (Report and Recommendation 3, ECF No. 5.) Plaintiff does not qualify to proceed *in forma pauperis* under the PLRA. If Plaintiff chooses to pursue this action, he must pay the full filing fee.

## IV. DISPOSITION

The Court therefore **OVERRULES** Plaintiff's Objections (ECF No. 6) and **ADOPTS** the Magistrate Judge's Reports and Recommendations (ECF No. 5). Accordingly, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *In Forma* Pauperis. (ECF No. 4.) This case is **DISMISSED WITHOUT PREJUDICE** to payment of the requisite filing fee.

**IT IS SO ORDERED.**

           _s/Algenon L. Marbley_
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**DATED: June 4, 2014**